UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22960-BLOOM/Louis

NICKCOLES T. LOVE,

    Plaintiff,

v.

THE FLORIDA DEPARTMENT OF REVENUE, *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Plaintiff Nickoles T. Love's ("Plaintiff") Motion to Proceed *in Forma Pauperis*, ECF No. [3] (the "IFP Motion"). Plaintiff filed this action against Defendants Florida Department of Revenue and Carrol Eaton on July 17, 2019. *See* Compl., ECF No. [1]. For the reasons that follow, the IFP Motion is denied and this matter is dismissed without prejudice.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim

involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id*. (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted).

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). With regard to federal question jurisdiction, the district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331 (2012). To determine whether a cause of action "arises under" federal law for purposes of Section 1331, the district court applies the "well-pleaded complaint rule," which requires that the Court examine "what necessarily appears in the plaintiff's statement of his own claim[.]" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (citation omitted). As such, "federal jurisdiction generally exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Id. at 831 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by

Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Here, the Court has determined it is without a basis to proceed because the Plaintiff has failed to state a claim upon which relief may be granted. In the Complaint, the Plaintiff asserts several legal conclusions and merely states that "Defendant is in violation of the due process clause." See ECF No. [1], at 2. However, the Complaint is devoid of any factual support for such legal conclusions. Based on the allegations of the Complaint, the Court cannot glean the nature of Plaintiffs' claims nor are there any facts related to those alleged claims. Therefore, the Complaint does not contain "sufficient factual matter to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (quotation marks omitted). Plaintiff's Complaint must be dismissed because it fails to state a claim upon which relief can be granted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**
2. The IFP Motion, **ECF No. [3]**, is **DENIED AS MOOT**.
3. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 23, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Nickcoles T. Love
8413 N. 10th Street
Tampa, FL 33604